1

2

3

4

5

6

7                           **UNITED STATES DISTRICT COURT**

8                               **DISTRICT OF NEVADA**

9

10   JAREMY LARSEN,

11        Plaintiff,                              Case No. 2:09-CV-02460-KJD-RJJ

12   v.                                           **ORDER**

13   STATE OF NEVADA, *et al.*,

14        Defendants.

15

16        Presently before the Court is Defendants' Motion to Dismiss (#5).  Plaintiff filed a response

17   in opposition (#11) to which Defendants replied (#12).

18   I.  Background

19        Plaintiff, Jaremy Larsen, is a former student of the University of Nevada, Las Vegas, School

20   of Dental Medicine ("the Dental School").  According to the allegations of the complaint, Plaintiff

21   was a student at the Dental School from September 2005 until February 2008.  In September 2007,

22   the Dean of the Dental School, Karen West, issued a decision that Larsen be "indefinitely separated"

23   from the University for allegedly failing two courses.

24        Plaintiff appealed the decision of Defendant West pursuant to the terms of the University's

25   School of Dental Medicine Handbook ("the Handbook").  Plaintiff asserts that he had not failed the

26   courses.  The Dental Medicine Appeals Committee ruled in Larsen's favor and recommended that

1  Larsen not be "indefinitely separated."  West accepted the recommendations of the Appeals

2  committee and imposed other conditions.  Plaintiff asserts that this action was contrary to the

3  accepted and approved guidelines provided by the Handbook.  In December 2007, Defendant West

4  once again unilaterally and incorrectly ruled that Larsen had not adhered to the prior academic order.

5  West again ordered Plaintiff Larsen "indefinitely separated from the University."

6          Plaintiff alleges that all of these actions have been done in violation of the Handbook and

7  Dental Medicine Appeals Committee decisions and are in retaliation for asserting his rights.  Plaintiff

8  asserts that Defendants have halted and destroyed his ability to attend dental school or enter the

9  dental profession.  Plaintiff additionally asserts that notice of his sanction ("indefinite separation")

10 has been placed on his record.

11          On January 11, 2008, Plaintiff filed a Petition for Temporary Restraining Order in Nevada

12 State Court.  On January 22, 2008, the State Court granted Plaintiff's Petition, but the Dental School

13 obtained a stay from the Nevada Supreme Court.  On February 5, 2008, the State Court convened an

14 evidentiary hearing.  On February 28, 2008, the State Court entered its order finding that Plaintiff

15 failed to meet the legal requirements for the relief sought, dissolved the temporary restraining order

16 and dismissed Plaintiff's complaint with prejudice.

17          Plaintiff did not appeal the State Court decision.  Instead, Plaintiff filed the present action on

18 December 31, 2009 asserting claims under 42 U.S.C. § 1983 for violation of his due process rights,

19 the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and various state law

20 causes of action.  Defendants have now moved to dismiss the action on grounds of claim and issue

21 preclusion, Eleventh Amendment immunity, qualified immunity and other grounds.

22 II.  Standard for a Motion to Dismiss

23          In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as

24 true and construed in a light most favorable to the non-moving party."  Wyler Summit Partnership v.

25 Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).

26

                                                     2

1   Consequently, there is a strong presumption against dismissing an action for failure to state a claim.

2   See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).

3       "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

4   as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937,

5   1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Plausibility, in the

6   context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to

7   draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

8       The Iqbal evaluation illustrates a two prong analysis.  First, the Court identifies "the

9   allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations

10  which are legal conclusions, bare assertions, or merely conclusory.  Id. at 1949-51.  Second, the

11  Court considers the factual allegations "to determine if they plausibly suggest an entitlement to

12  relief."  Id. at 1951.  If the allegations state plausible claims for relief, such claims survive the motion

13  to dismiss. Id. at 1950.

14  III.  Analysis

15       A.  Issue and Claim Preclusion

16       Defendants have moved to dismiss the case on grounds of issue and claim preclusion.

17  Collateral estoppel, or issue preclusion, bars the relitigation of both issues of law and issues of fact

18  actually adjudicated in previous litigation between the same parties.  Washington Mut. Inc. v. U.S.,

19  - - - F.3d - - -, WL 723101, *8 -9 (9th Cir. 2011).  "[R]es judicata [claim preclusion] bars not only all

20  claims that were actually litigated, but also all claims that 'could have been asserted' in the prior

21  action."  Int'l Union of Operating Engineers v. Karr, 994 F.2d 1426, 1430 (9th Cir.1993) (citing

22  McClain v. Apodaca, 793 F.2d 1031, 1033 (9th Cir.1986)).  Likewise, "[r]es judicata bars all grounds

23  for recovery that could have been asserted, whether they were or not, in a prior suit between the same

24  parties on the same cause of action."  Clark v. Bear Stearns & Co., 966 F.2d 1318, 1320 (9th Cir.

25  1992).   Under Nevada law, a judgment on the merits of an issue bars further consideration of that

26  issue.  Id.

1    Ordinarily, findings of fact and conclusions of law made in a preliminary injunction

2  proceeding do not preclude re-examination of the merits at a subsequent trial.  See, e.g., Univ. of

3  Tex. v. Camenisch, 451 U.S. 390, 395 (1981); Maffeo v. Nevada, 2010 WL 4136985, *6 (D. Nev.

4  October 19, 2010).  The summary proceedings to obtaining a preliminary injunction may certainly

5  touch upon or tentatively decide merit issues, but they are seldom, if ever, considered decisions on

6  the merits.  Maffeo, 2010 WL 4136985, *6.  Rather, in granting, or not granting, a preliminary

7  injunction, a court is making a determination that there is a likelihood, or lack thereof, of success on

8  the merits. Casa Dimario, Inc. v. Rhode Island Department of Business Regulation, 2004 WL

9  1542069 (R.I.Super. June 16, 2004); DiDonato v. Kennedy, 822 A.2d 179, 181 (R.I. 2003).  Thus,

10  absent a final judgment or decision on the merits of an issue in the preliminary injunction hearing,

11  the doctrines of res judicata and collateral estoppel cannot act to bar a subsequent action on the

12  merits.  Id.  In this case, the decision by the state court denying plaintiff's petition for a preliminary

13  injunction, was not a final decision on the merits.  Therefore, the Court must deny Defendants'

14  motion to dismiss based on the grounds of issue and claim preclusion.

15      B.  Eleventh Amendment Immunity

16      Eleventh Amendment immunity bars plaintiffs from bringing claims for monetary damages in

17  § 1983 actions against a state or its officials acting in their official capacities unless the state has

18  waived its immunity or Congress has exercised its power to override that immunity.  See Seminole

19  Tribe of Fla. v. Florida, 517 U.S. 44 (1996); Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989).

20  Nevada has refused to waive its immunity. See Nev. Rev. Stat. § 41.031(3).

21    Eleventh Amendment immunity extends to state instrumentalities and agencies.  Edelman v.

22  Jordan, 415 U.S. 651, 663 (1974).  The university system in Nevada is a state instrumentality or

23  agency within the meaning of the Eleventh Amendment.  See Disabled Rights Action Comm. v. Las

24  Vegas Events, Inc., 375 F.3d 861, 883 n.17 (9th Cir. 2004)(noting that the Nevada System of Higher

25  Education is immune from suit under the Eleventh Amendment).  However, in Ex parte Young, 209

26  U.S. 123 (1908), the Supreme Court held that the Eleventh Amendment immunity doctrine does not

4

bar suits "brought in federal court against state officials in their official capacities for prospective injunctive relief to prevent future violations of federal law." <u>Fond du Lac Band of Chippewa Indians v. Carlson</u>, 68 F.3d 253, 255 (8th Cir. 1995). Therefore, to the extent that plaintiff is seeking injunctive relief, he may sue the individual defendants in their official capacities. <u>Will</u>, 491 U.S. at 71.

Dean Karen West and the Board of Regents, in their official capacity, are immune from suit for damages because a suit against a state official in her official capacity is a suit against the official's office. <u>Will</u>, 491 U.S. at 71. Accordingly, the Court grants Defendants' motion to dismiss claims for damages against the State of Nevada, the University, and the Board of Regents and Dean Karen West, in their official capacity, because they are immune from suit under the Eleventh Amendment. However, Plaintiff may seek injunctive relief against West and the Board of Regents in their official capacity.

### B.  Municipal Liability

To the extent that Larsen asserts a theory under <u>Monell</u> that his constitutional rights were infringed by a "de facto policy" of the Dental School, West, the Board of Regents, or UNLV, the Supreme Court has expressly declined to extend <u>Monell</u>'s theory of municipal liability under § 1983 to state entities.  <u>Will</u>, 491 U.S. at 70-71; <u>Krainski v. Nevada</u>, 616 F.3d 963, 968 (9th Cir. 2010). Accordingly, Larsen may not bring an action against Defendants in their official capacities under <u>Monell</u>.

### C.  Qualified Immunity

Qualified immunity protects government officials performing discretionary functions from liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982).  The court must determine: (1) taken "in the light most favorable to the party asserting the injury, do the facts show the officer's conduct violated a constitutional right?"; and (2) if yes, was the violated right "clearly established[?]" <u>Saucier v. Katz</u>, 533 U.S. 194, 200-01 (2001).

1   For a right to be clearly established, "its contours must be sufficiently clear that a reasonable official

2   would understand what he is doing violates that right." Hope v. Pelzer, 536 U.S. 730, 739 (2002).

3          However, the Court cannot yet find, based on the allegations of Plaintiff's complaint, that

4   West's motion to dismiss based on qualified immunity may be granted.  However, if the Court were

5   to consider the copious amount of exhibits attached to Defendants' motion to dismiss it would be

6   easy to determine the issue.  Accordingly, the Court converts Defendants' motion to dismiss to a

7   motion for summary judgment.

8          Accordingly, Plaintiff shall have sixty (60) days from the entry of this order to file a

9   supplemental responsive pleading detailing issues of fact that prevent the Court from granting

10  Defendant West qualified immunity in accordance with Federal Rule of Civil Procedure 56, and

11  addressing the extensive documentary and affidavit based evidence attached to Defendants' Motion

12  to Dismiss (#5).  Any evidence must be admissible as described by Rule 56.  Defendants will then

13  have twenty-one (21) days to file a response to Plaintiff's supplement.  Plaintiff may reply within

14  fourteen (14) days of Defendants' response.  It is further ordered that within the briefing period,

15  limited discovery shall be allowed in the form of interrogatories or request for documents.  The

16  parties must secure leave of Court for any deposition discovery in this matter.

17         D.  ADA & Rehabilitation Act

18         Plaintiff failed to oppose Defendants' motion to dismiss his claims under the ADA &

19  Rehabilitation Act.  Local Rule 7-2(d) allows the Court to construe failure to file points and

20  authorities in opposition to a motion as consent to the motion being granted.  Therefore, in

21  accordance with Local Rule 7-2(d) and good cause being found, the Court grants Defendants' motion

22  to dismiss Plaintiff's claims asserted under the ADA and the Rehabilitation Act.

23         E. State Law Claims

24         The Court denies Defendants' motion to dismiss the state law claims without prejudice.  The

25  Court will consider the state law claims after it resolves the federal claims.

26

6

IV.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#5) is **GRANTED in part and DENIED in part**;

IT IS FURTHER ORDERED that Plaintiff's claims arising under the ADA and Rehabilitation Act are **DISMISSED with prejudice**;

IT IS FURTHER ORDER that Plaintiff file a supplemental pleading within sixty (60) days of the entry of this order demonstrating the facts that prevent the Court from granting qualified immunity to Defendant West.

DATED this 29th day of March 2011.


Kent J. Dawson
United States District Judge